**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Wayne Jason MARSHALL, Defendant–Appellant.**

No. 07–50442.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 2008.

Filed April 16, 2008.

Robert Gannon, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

James H. Locklin, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: GOODWIN, SCHROEDER, and TALLMAN, Circuit Judges.

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## MEMORANDUM \*

Wayne Jason Marshall pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). At sentencing, the district court found that Marshall qualified as a "career offender" under U.S.S.G. § 4B1.1, and sentenced him to 120 months' imprisonment. Marshall appeals his sentence contending that he does not qualify as a career offender because the district court erred in finding that his prior conviction under California Vehicle Code § 2800.2 ("§ 2800.2") was a "crime of violence" under U.S.S.G. § 4B1.2(a). We agree.

We hold that Marshall's conviction under § 2800.2, for flight from a pursuing police officer in willful or wanton disregard for the safety of persons or property, is not categorically a crime of violence. *See United States v. Jennings*, 515 F.3d 980, 989–91 (9th Cir.2008); *United States v. Kelly*, 422 F.3d 889, 895 (9th Cir.2005) (holding that a Washington state conviction for attempting to elude a pursuing police officer was not a crime of violence because the statute criminalized conduct that did not "present[ ] a serious potential risk of physical injury to another," as required by U.S.S.G. § 4B1.2(a)(2)).

Under the modified categorical approach, we also hold that Marshall's § 2800.2 conviction is not a crime of violence. Marshall's statement in his plea agreement that he was "driving recklessly" is insufficient to establish that he was convicted of a crime of violence. *See Kelly*, 422 F.3d at 896.

Because Marshall's prior conviction under § 2800.2 does not, under our court's case law, constitute a crime of violence, the district court erred in sentencing him as a

career offender. We therefore vacate Marshall's sentence and remand for resentencing.

**VACATE and REMAND.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.